UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. NORMAN, | No. 2:15-cv-1346 AC P |
| Plaintiff, | |
| v. | <u>ORDER</u> and |
| DR. RIAZ, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

I.     <u>Introduction</u>

      Plaintiff is a state prisoner at California State Prison-Sacramento (CSP-SAC), under the authority of the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff proceeds pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action proceeds on plaintiff's original complaint.  <u>See</u> ECF No. 1.  Upon screening the complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. 1915A(a), the court found that plaintiff's allegations state Eighth Amendment claims against defendants Dr. Riaz, M.D., a physician, and D. Bodenhamer, a physician's assistant (PA), for deliberate indifference to plaintiff's serious medical needs.  <u>See</u> ECF No. 4.

      Presently pending is defendants' motion to dismiss, filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, on the ground that the complaint fails to allege facts sufficient to state cognizable Eighth Amendment claims against defendants or, alternatively, that defendants

are entitled to qualified immunity.  See ECF No. 15.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons that follow, it is the recommendation of this court that defendants' motion to dismiss be granted in part and denied in part.

## II.     Allegations of the Complaint

The complaint alleges that plaintiff has suffered chronic back pain since a 1990 work-related injury that resulted in a disability insurance payout and monetary settlement from the state of Nevada and accorded plaintiff life-long medical coverage for, inter alia, chronic pain management treatment and medications.  Plaintiff avers that he received adequate medical treatment prior to and throughout his incarceration until, in September 2014, defendant Dr. Riaz arbitrarily discontinued plaintiff's narcotic pain medications.

Plaintiff alleges that Dr. Riaz discontinued his pain medications without undertaking an assessment of plaintiff's individual medical needs, but rather as part of a "sweeping discontinuance of pain medications by CDCR Doctors, who periodically go through all [of an] institution's patients to locate any [prisoner] getting treatment for pain by medications that include narcotics, and discontinue those meds after [the prisoner has had] years of getting the same treatment." ECF No. 1 at 3.  Plaintiff alleges that in June 2014 Dr. Riaz "came to plaintiff's facility to 'put a stop to all this narcotic business,'" because "he 'doesn't believe in' narcotics being prescribed for pain." Id.  Dr. Riaz met with plaintiff on September 16, 2014.  Dr. Riaz was allegedly "steadfast in his predetermined goal at taking plaintiff's meds," and began telling plaintiff, before he even sat down, that "'I see no need for these medications you get, and even if I did I do not personally agree with using narcotic medications for pain.'" Id. at 4.  Plaintiff alleges that Dr. Riaz "refused to review plaintiff's file, refused to give any consideration to anything plaintiff tried to explain," and basically "refused to let plaintiff even speak." Id.

Plaintiff avers that his Nevada state disability records and California prison medical records provide "extensive and thorough documentation" and "support for plaintiff's [medication] needs that his serious medical condition warrants, [and demonstrate] that there is not any

2

indication of any change that would warrant the arbitrary discontinuance of plaintiff's treatment for pain."  Id. at 4; see also id. at 6.

Plaintiff initially challenged the discontinuance of his narcotic pain medications by filing and exhausting a prison administrative grievance.  Plaintiff alleges that the grievance was "pseudo-review[ed]" by defendant PA Bodenhamer, who rubber-stamped Dr. Riaz' decision at the Second Level Review, and then that an unidentified senior registered nurse "signed off" on the denial of the grievance at the Third Level Review.  Id. at 4-6.  The complaint alleges that because PA Bodenhamer ranked "lower" than Dr. Riaz, she was disinclined to disagree with him, and thus failed to evaluate plaintiff's grievance according to constitutional standards.  Plaintiff alleges that "[d]efendant [Bodenhamer] knew she did not have the adequate training or experience to over-ride a doctor that she, herself, could not work without approval (sic)."  Id. at 5.

The complaint alleges that, "[s]ince the complete denial of treatment for pain, plaintiff has experienced severe depression, loss of sleep from being awakened by back spasms and pain, loss [of] appititite (sic), and been unable to attend yard for even a few hours a day.  Plaintiff is forced to work or suffer loss of privileges and appliances, so he suffers in unspeakable pain."

Defendants Riaz and Bodenhamer seek dismissal of this action on the grounds that the complaint fails to allege facts sufficient to state a cognizable Eighth Amendment claim against either defendant or, alternatively, that defendants are entitled to qualified immunity.  See ECF No. 15.  Plaintiff filed an opposition, see ECF No. 16; defendants filed a reply, see ECF No. 17.

III.   Legal Standards

A.   Legal Standards Governing Motion to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  North Star Intern. v. Arizona Corp. Com'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, (1992)). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

    B.    Legal Standards Governing Eighth Amendment Deliberate Indifference Claims

As a threshold matter, to state a cognizable claim under Section 1983, plaintiff must allege an actual connection or link between the challenged conduct of a specific defendant and plaintiff's alleged constitutional deprivation. See Monell v. Department of Social Services, 436

4

1  U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "The inquiry into causation must be
2  individualized and focus on the duties and responsibilities of each individual defendant whose
3  acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844
4  F.2d 628, 633 (9th Cir.1988) (citations omitted).

5       In order to state a Section 1983 claim for violation of the Eighth Amendment premised on
6  allegedly unconstitutional medical care, plaintiff must allege "acts or omissions sufficiently
7  harmful to evidence deliberate indifference to [his] serious medical needs."  Estelle v. Gamble,
8  429 U.S. 97, 106 (1976).  Plaintiff must allege both that his medical needs were objectively
9  serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501
10 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992) (on remand).

11      A serious medical need exists if the failure to treat a prisoner's condition could result in
12 further significant injury or the unnecessary and wanton infliction of pain.  Indications that a
13 prisoner has a serious medical need are the following:  the existence of an injury that a reasonable
14 doctor or patient would find important and worthy of comment or treatment; the presence of a
15 medical condition that significantly affects an individual's daily activities; or the existence of
16 chronic and substantial pain.  See e.g. Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir.
17 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).  McGuckin v.
18 Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies
19 v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

20      The requisite state of mind to sustain a prisoner medical claim is "deliberate indifference."
21 Hudson v. McMillian, 503 U.S. 1, 5 (1992).  In Farmer v. Brennan, 511 U.S. 825 (1994), the
22 Supreme Court established a very demanding standard for "deliberate indifference."  Negligence
23 is insufficient.  Id. at 835.  Even civil recklessness (failure to act in the face of an unjustifiably
24 high risk of harm which is so obvious that it should be known) is insufficient to establish an
25 Eighth Amendment violation.  Id. at 836-37.  It is not enough that a reasonable person would
26 have known of the risk or that a defendant should have known of the risk.  Id. at 842.

27
28
> In the Ninth Circuit, the test for deliberate indifference consists of two parts.  First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result

5

> in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013). To state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

A difference of opinion between an inmate and prison medical personnel – or between medical professionals – regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). To establish a difference of opinion rising to the level of deliberate indifference, "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### C.   Legal Standards for Qualified Immunity

Government officials are immune from civil damages "unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "Qualified immunity balances . . . the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 555 U.S. 223, 231 (2009). "Because qualified immunity protects government officials from suit as well as from liability, it is essential that qualified immunity claims be resolved at the

////

earliest possible stage of litigation." Id. at 233-34 (citing Mitchell v. Forsyth, 472 U.S. 511, 526, (1985)).

In analyzing a qualified immunity defense, the court must consider the following: (1) whether the alleged facts, taken in the light most favorable to the plaintiff, demonstrate that defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was clearly established at the time of the incident. Saucier v. Katz, 533 U.S. 194, 201 (2001). These questions may be addressed in the order most appropriate to "the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009). Thus, if a court decides that plaintiff's allegations do not support a statutory or constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201. On the other hand, if a court determines that the right at issue was not clearly established at the time of the defendant's alleged misconduct, the court need not determine whether plaintiff's allegations support a statutory or constitutional violation. Pearson, 555 U.S. at 236-242.

IV. Analysis

Defendants do not dispute that the complaint adequately alleges that plaintiff's chronic pain associated with his 1990 back injury is a serious medical need under the Eighth Amendment. Nor do defendants dispute that the complaint adequately alleges that the discontinuance of plaintiff's narcotic pain medications caused plaintiff harm due to increased back pain and spasms, loss of sleep and appetite, depression, and reduced inability to engage in daily activities, see Wood, 900 F.2d at 1337-4, although defendants challenge the degree of harm alleged by plaintiff. Defendants argue, rather, that the complaint fail to adequately allege that defendants "knew of and disregarded" a substantial risk of serious harm to plaintiff, see Farmer, 511 U.S. at 837, when Dr. Riaz discontinued plaintiff's prescription for narcotic pain medications, and PA Bodenhamer agreed with that decision.

A. Defendant Dr. Riaz

Plaintiff's allegations that Dr. Riaz' challenged conduct was part of a "sweeping discontinuance of pain medications by CDCR Doctors," ECF No. 1 at 3, and that Dr. Riaz discontinued plaintiff's prescriptions for pain medications without reviewing plaintiff's file, id. at

4, based on his "predetermined goal" to take all prisoners at CSP-SAC off such medications, id., tend to undermine an inference that Dr. Riaz possessed a "sufficiently culpable" state of mind against plaintiff to sustain an Eighth Amendment claim. See Wilson, 501 U.S. at 297-99. However, even if Dr. Riaz' challenged conduct reflected implementation of an institution-wide policy, such state of mind may be inferred, particularly if Dr. Riaz acted in a supervisory role. "[W]hen a supervisory official advances or manages a policy that instructs its adherents to violate constitutional rights, then the official specifically intends for such violations to occur. Claims against such supervisory officials, therefore, do not fail on the state of mind requirement, be it intent, knowledge, or deliberate indifference." OSU Student Alliance v. Ray, 699 F.3d 1053, 1076 (9th Cir. 2012).

Moreover, whether the medical care of an individual prisoner meets constitutional standards is generally assessed on a case-by-case basis rather than in deference to a prison-wide policy. See e.g. Chess v. Dovey, 790 F.3d 961, 975 (9th Cir. 2015) (jury instruction requiring deference to a security-based prison policy prohibiting the prescription of narcotic medications to prisoners in the general population was error but nevertheless harmless because plaintiff's doctors based their medical decisions on plaintiff's individual needs); see also Colwell v. Bannister, 763 F.3d 1060, 1063 (9th Cir. 2014) ("the blanket, categorical denial of medically indicated surgery solely on the basis of an administrative policy that 'one eye is good enough for prison inmates' is the paradigm of deliberate indifference"). Further, as recently reaffirmed by the Ninth Circuit, "the requirement of deliberate indifference is less stringent in cases involving a prisoner's medical needs than in other cases involving harm to incarcerated individuals." Chess, 790 F.3d at 973 (citations, internal punctuation and quotation marks omitted).

Defendant argues that his decision to terminate plaintiff's narcotic medications, based on "plaintiff's twenty-five year old injury," ECF No. 15-1 at 4, was no more than a nonactionable difference of opinion between an inmate and prison medical provider. See Sanchez, 891 F.2d at 242. "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to the prisoner's

health." Toguchi, 391 F.3d at 1058 (citing Jackson, 90 F.3d at 332) (internal punctuation omitted). Alternatively, defendants assert that Dr. Riaz' challenged conduct "was at most a negligent decision." See ECF No. 17 at 4. However, plaintiff alleges more than a difference of opinion with Dr. Riaz. Plaintiff alleges that Dr. Riaz' discontinuance of plaintiff's prescriptions for narcotic pain medication was arbitrary and therefore in conscious disregard of any risk to plaintiff's health, and that plaintiff's resulting harm, including incapacitating pain, was medically unacceptable. Jackson, 90 F.3d at 332. Moreover, Dr. Riaz' alleged conduct was clearly more than "an inadvertent failure to provide adequate medical care." Estelle, 429 U.S. at 105.

With these considerations in mind, and construing the allegations of the complaint in the light most favorable to plaintiff, the court finds that plaintiff has adequately alleged that Dr. Riaz was subjectively aware of plaintiff's ongoing prescriptions for narcotic medications to treat his chronic back pain, as previously determined by plaintiff's other medical providers. Despite this awareness, Dr. Riaz abruptly terminated plaintiff's prescriptions without conducting an independent medical evaluation of plaintiff's serious medical needs, and thereby disregarded a substantial risk of serious harm to plaintiff. For these reasons, the court finds the allegations of plaintiff's complaint sufficient to state a cognizable Eighth Amendment claim against defendant Dr. Riaz for deliberate indifference to plaintiff's serious medical needs. See Farmer, 511 U.S. at 837. Therefore, defendants' motion to dismiss premised on the alleged failure of the complaint to state a cognizable claim against Dr. Riaz should be denied.

Defendant Riaz' qualified immunity defense should also be rejected. At the time of Dr. Riaz' challenged conduct, it was clearly established that prison medical providers must provide constitutionally adequate medical care. See Estelle, 429 U.S. at 97; Farmer, 511 U.S. at 837. A reasonable medical provider should have known that disregarding a prisoner's serious medical needs would violate the Eighth Amendment. Id. Viewing plaintiff's allegations in the light most favorable to him, this court cannot find as a matter of law that the challenged conduct of Dr. Riaz was not deliberately indifferent. The final determination whether defendant Dr. Riaz was deliberately indifferent to plaintiff's serious medical needs will depend on the evidence developed during the discovery process and presented on a motion for summary judgment or at trial.

9

1 Therefore, Dr. Riaz' qualified immunity defense should be rejected at this stage of the
2 proceedings.
3      For all these reasons, the court recommends that defendants' motion to dismiss be denied
4 as to defendant Dr. Riaz.  See Fed. R. Civ. P. 12(6)(b).

               B.     Physician's Assistant D. Bodenhamer

6      Plaintiff's claim that defendant PA Bodenhamer was deliberately indifferent to his serious
7 medical needs rests on his assumption and allegation that Bodenhamer was compelled to defer to
8 the medical judgment of Dr. Riaz.  Plaintiff asserts that Bodenhamer only "pseudo-reviewed"
9 plaintiff's relevant administrative grievance, without independently evaluating plaintiff's claim
10 under constitutional standards, and thus merely "rubber stamped" Dr. Riaz' challenged medical
11 decision to discontinue plaintiff's narcotic medications.  See ECF No. 1 at 4-6.
12      Defendants contend that PA Bodenhamer did not have authority to override Dr. Riaz'
13 contested decision.  See ECF No. 17 at 3 (citing Cal. Bus. & Prof. Code § 3502.1(a) ("a physician
14 assistant may administer or provide medication to a patient" only "while under the supervision of
15 a licensed physician and surgeon . . . authorized by law to supervise a physician assistant")).
16 Defendants direct the court to the Ninth Circuit's assessment that "prison officials aren't
17 deliberately indifferent to a prisoner's medical needs unless they act wantonly, see Estelle, 429
18 U.S. at 104, and whether an official's conduct 'can be characterized as "wonton" depends upon
19 the constraints facing [her],' Wilson, 501 U.S. at 303." Peralta v. Dillard, 744 F.3d 1076, 1082
20 (9th Cir. 2014).  See ECF No. 17 at 3.  Because defendant Bodenhamer did not have authority to
21 prescribe a different course of treatment than that prescribed by Dr. Riaz, defendants argue that
22 Bodenhamer's agreement with Dr. Riaz' decision cannot constitute deliberate indifference.
23      The court finds this argument too hard-pressed.  Administrative review of plaintiff's
24 grievance required that defendant Bodenhamer make an independent assessment of plaintiff's
25 claim, not that she prescribe a different course of treatment.  Bodenhamer's assessment should
26 have been based on her own medical judgment, in consultation with other medical professionals if
27 appropriate.  Nevertheless, the court finds, upon closer scrutiny, that the allegations of the
28 complaint fail to state a cognizable Eighth Amendment claim against defendant Bodenhamer for

10

deliberate indifference to plaintiff's serious medical needs. Plaintiff does not allege that Bodenhamer examined plaintiff or reviewed his medical records or otherwise made an independent medical assessment of plaintiff's alleged need to continue taking narcotic pain medication. On the contrary, plaintiff alleges that Bodenhamer merely agreed with defendant Dr. Riaz without exercising her independent medical judgment; moreover, that Bodenhamer "did not have the adequate training or experience to over-ride a doctor," ECF No. 1 at 5. Bodenhamer's alleged failure to conduct an independent review may have been medically negligent, but it does not violate the Eighth Amendment.

These allegations do not support a reasonable inference that Bodenhamer "knew of and disregarded" an excessive risk of harm to plaintiff's health by agreeing with Dr. Riaz' decision to terminate plaintiff's prescriptions for narcotic pain medication. Farmer, 511 U.S. at 837. The review assessment of a correctional medical official may constitute deliberate indifference only if the official was aware that the underlying challenged medical decision caused plaintiff "further significant injury or the unnecessary and wanton infliction of pain," and the official purposefully failed to pursue an appropriate medical remedy. Farmer, 511 U.S. at 842; see also Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir.2006) (prison officials, particularly those in administrative positions, may be "liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help"). Here, the allegations of the complaint fail to demonstrate an actual connection or link between defendant Bodenhamer's challenged conduct and plaintiff's alleged constitutional deprivation. See Monell, 436 U.S. 658.

Moreover, because prisoners are not entitled to a prison grievance procedure as a matter of federal law, see e.g. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("[t]here is no legitimate claim of entitlement to a grievance procedure"), cert. denied, 488 U.S. 898 (1988), a claim that PA Bodenhamer failed to resolve plaintiff's grievance in a favorable manner is not cognizable under Section 1983, see e.g. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (failure to process plaintiff's grievances not actionable under Section 1983). "Although state statutes or regulations may give rise to constitutionally-protected liberty interests that cannot be taken away without due process of law, California prison regulations . . . grant prisoners a purely procedural

right and set forth no substantive standards, see Cal. Code Regs. tit. 15, § 3084 et seq. (applicable to state prisons), and such provisions cannot form the basis of a constitutionally cognizable liberty interest." Jackson v. Bright, 2015 WL 1395835, at *8, 2015 U.S. Dist. LEXIS 38809, at *23-4 (N.D. Cal. Mar. 26, 2015) (Case No. 12-CV-06020 YGR P).  Therefore, in the instant case, defendant PA Bodenhamer's alleged deference to Dr. Riaz' challenged medical decision, resulting in the denial of plaintiff's grievance at the Second Level Review, is also not actionable as an alleged due process violation.

For these reasons, the court recommends that defendant Bodenhamer be dismissed from this action for failure to state a claim.  See Fed. R. Civ. P. 12(6)(b).  Because the complaint does not state a cognizable claim for relief against defendant Bodenhamer, the court need not reach Bodenhamer's alternative contention that she is entitled to qualified immunity.  See Saucier, 533 U.S. at 201; Wilkie v. Robbins, 551 U.S. 537, 567 (2007).

V.   Conclusion

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Further, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 15, be granted in part and denied in part;

2. Defendant Bodenhamer be dismissed from this action; and

3. This action proceed only against defendant Dr. Riaz on plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

////

////

////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 10, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE